WILLIAM F. IRWIN AND OTHERS v. THE NATIONAL INSUR-
ANCE COMPANY.

(No. 6,185.)

1. A clause in a policy of insurance, authorizing the insurer to determine the insurance at any time by giving notice to that effect, and refunding a ratable proportion of the premium, is valid; and the exercise of the right reserved by it furnishes no defense to a party, liable on the premium note, as surety for the insured, in a suit on the note to recover the unpaid proportion of the premium, notwithstanding the policy also contains a provision that in case of loss the amount due for the premium is to be deducted from the amount to be paid by the underwriter.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered by Gholson, J., at special term for plaintiff, upon the pleadings and an agreed statement of facts. The action below was brought by the defendant in error to recover the balance alleged to be due upon a promissory note, bearing date November 2, 1855, executed by J. F. Washington, in favor of the plaintiffs in error, for the payment of $378 in six months after date and by them duly indorsed. It was averred that the note was duly presented for payment, at the proper time and place, payment refused, and due notice given to the indorsers.

It was averred in defense that the defendants below were mere sureties upon the note; that the only consideration on which it was executed and delivered was the issuing of a policy of insurance by the plaintiff below, in favor of the maker of the note, (and as payment in advance of the premium charged thereon) and of even date therewith, whereby the plaintiff caused said Washington to be insured upon the steamer Ambassador, for the term of one year from that

date, in the sum of $3,500 against certain perils therein named and with certain privileges of navigating, etc.; that said policy contained a stipulation, reserving to the plaintiff the right to terminate the insurance at any time within the period specified by giving notice to that effect to the assured; that the plaintiff, without any fault on the part of the assured, and before the expiration of said year, that is, on the 24th day of July, 1856, refused to be further bound to said insurance, and notified the assured to that effect, and that the policy was determined and at an end. It was further averred that the defendants had no notice of the alleged cancelment of the policy; that by a clause of said policy it was provided, that in case of loss or damage to the property insured, the premium note or notes, if unpaid, should be paid out of any sum of money that might be coming to the assured for said loss; and that, by reason of the cancelment of the policy, the defendants were deprived of a security, of which they might have availed themselves, for the payment of said note. The facts thus set up in the answer are not traversed by the plaintiff's reply, and were admitted in the agreed statement of facts. The policy referred to in the answer was also admitted to be the only contract of insurance between the parties. Among other provisions therein are the following:

"In case of loss, the amount to be paid by this insurance company shall be such proportion thereof as the sum insured herein bears to the agreed value in this policy, which amount shall be paid in sixty days, etc., deducting the amount of the premium note if unpaid, and all other demands of the company against the said assured."

Also, "It is further agreed that this company reserves the right to determine this insurance at any time by giving notice to that effect to the assured, or his representatives, in which case the company will refund a ratable proportion of the premium."

The notice alluded to, as having been given by the company to the assured, was as follows:

William F. Irwin *v.* National Insurance Co.

" OFFICE NATIONAL INSURANCE COMPANY, }
      " CINCINNATI, July 24, 1856.        }

" *J. Francis Washington, Esq.*

"DEAR SIR—Please receive this as notice that this company have canceled and terminated, and do hereby cancel and terminate, Hull policy No. 225, dated November 2, 1855, issued to you for $3,500, on the steamboat Ambassador, for one year, from November 2, 1855, etc., this termination being made under a reserved right to make it, contained in said policy.

" The premium note given by you for said insurance being unpaid, the proportionate return premium due you, in virtue of this termination of the policy, amounting to $104.60, is credited as a partial payment thereof.

"I remain very respectfully yours, etc.,
      "B. URNER, *President.*"

In addition to the return premium, thus credited to the defendants on the note, they are credited with a further sum of $100. And it was further agreed, that if, under these circumstances, the plaintiff was entitled to recover at all, it was entitled to recover the amount of $190.53. The court having found the point of law in favor of the plaintiff, caused a judgment to be entered up, in its behalf, for said sum.

The grounds upon which this judgment is assailed are :

1. That the policy, being determinable at the o| tion of the insurers, was not of binding obligation upon them, and so was not a sufficient consideration for the delivery of the note.

2. That the abandonment of the risk by the company put an end to the entire contract, so far as the sureties upon the note were concerned, and precluded a *pro rata* recovery upon the note, since the defendants as sureties were thereby deprived of the security they had, in the event of a loss happening within the year, by that clause of the policy which

gave the company a lien upon the amount which would be due from them, to secure payment of the note.

*Caldwell & Paddock*, for plaintiffs in error.

*Kebler & Force*, for defendant in error.

SPENCER, J., delivered the opinion of the court.

It may be premised that the clause, upon which these objections are chiefly founded, is of recent introduction in policies of insurance, and, so far as we are advised, has not received a judicial construction, nor yet a practical one of general notoriety among merchants. We are, therefore, to consider what is its appropriate effect upon principles of law applicable to all contracts, and especially of this description. Nothing is more common than the execution of contracts determinable by the good will and pleasure of both parties, as contracts for the use and occupation of lands at the will of both landlord and tenant, contracts for the performance of personal services or labor, by one for another, during an indefinite period, determinable at the will of either ; and nothing is better settled than the validity of such contracts. Should A. occupy the land or receive the services of B., under such a contract, for a certain time, it would be no answer to an action brought by B., that the estate, being determinable at his pleasure, was not a consideration for A.'s promise to pay for its use so long as he held it ; or if in that case A. had given his promissory note, with an indorser, in anticipation of occupying the premises for a given time, but before the time arrived the estate should be determined by the will of the landloord, it could not be truly said that the entire consideration of the note had failed or that neither maker nor indorser could be held upon the note, because the estate being thus determinable, there was no consideration for the giving of the note; nor is the case altered should the contract, instead of being determinable at the will of either, be determinable only at the will of one

of the parties.   The obligation to pay while it lasts for the benefits received is binding on the party promising ; nor is a contract, determinable at the will of one party only, necessarily without mutuality; as if A. agree with B. to serve him for a year certain, with a privilege on the part of B. to discharge him at any time within the year.   So a grant of lands by A. to B. for a term of years, with a privilege, on the part of the tenant, to surrender at any time within the term, is binding upon A. for the whole term, though B. may relieve himself from any portion of the term.   4 Ad. & El. 832. The price to be paid for the services in the one case, and for the use of the land in the other, may be and in contemplation of law is fixed with reference to the privilege granted.

There is nothing in the nature of a contract of insurance to withdraw it from the operation of the general rule.   So long as the insurance lasts both parties are benefited—the insurer to the extent of the premium earned, and the insured to the extent of the protection afforded ; and thus the benefit is mutual, although the privilege of putting an end to the contract, within the term of insurance, is not mutual. But the consideration or premium paid, or to be paid, for the insurance is fixed with reference to this very privilege, and therein consists the entire mutuality of the contract. Clauses of this description in policies of insurance are perhaps more appropriate than any other species of contract. They are contracts requiring peculiar good faith on the part of the insured—contracts in which great reliance is placed by the underwriter in the integrity and good conduct of the insured, and where, if it be ascertained that confidence has been misplaced, it may be exceedingly desirable and appropriate to terminate the risk.

But here, as in other contracts, the privilege granted or reserved must be reasonably exercised.   It can not be arbitrarily resorted to in such a way as to jeopardize and imperil the other party, or expose him to irretrievable loss.   There is no pretense, however, that in the present case the privilege

was improperly exercised to the prejudice of the insured, and nothing further need be said upon the subject.

The second ground of defense urged in this case necessarily fails with the first, for if the principal be bound by the contract, the surety, who entered into his obligation with reference to the contract of his principal, is equally bound. And if in fact he should have lost a security, which he might otherwise have held, for the payment of the premium, had the insurance continued for the whole term specified in the policy, yet he has lost it by a contingency contemplated by him when he entered into the contract of suretyship, and the happening of which, therefore, has subjected him to no unexpected loss, and should occasion him no surprise.

We are of opinion, therefore, that the judgment at special term was right, and should be affirmed with costs, but without penalty.

Judgment affirmed.